Shelley D. Krohn, Trustee
510 South 8th Street
Las Vegas, NV 89101
(702) 421-2210
(702) 366-1939 fax
shelley@trusteekrohn.com
Chapter 7 Bankruptcy Trustee

## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF NEVADA

| | |
|---|---|
| In Re: | Chapter 7<br>Case No. 09-13640-MKN |
| PROGRESSIVE GAMING INTERNATIONAL CO. | **MOTION OF CHAPTER 7 TRUSTEE FOR AN ORDER APPROVING THE SALE OF CERTAIN ASSETS OF THE DEBTOR'S ESTATE FREE AND CLEAR OF LIENS, CLAIMS, INTERESTS, AND ENCUMBRANCES PURSUANT TO 11 U.S.C. §§ 105 AND 363 AND RELATED RELIEF** |
| Debtor(s). | |
| | Hearing Date:    N/A<br>Hearing Time:    N/A |

SHELLEY D. KROHN, Chapter 7 trustee ("Trustee") for the bankruptcy estate (the "Estate") of the above captioned debtor ("Debtor"), requests the entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners, Inc. ("Oak Point") free and clear of liens, claims, interests, and encumbrances pursuant to 11 U.S.C. §§ 105 and 363, and related relief ("Motion"). In support of the Motion, the Trustee respectfully states as follows:

This Motion is based upon the attached points and authorities, the pleadings and papers on file herein, and the Declaration of Shelley D. Krohn (the "Krohn Declaration") filed concurrently with this Motion.

### I.    JURISDICTION AND VENUE

1.    The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core proceeding pursuant to 28 U.S.C. §157(b). Venue is proper before this

Court pursuant to 28 U.S.C. §§ 1408 and 1409.  The Trustee seeks relief pursuant to 11 U.S.C. §363 and Federal Rules of Bankruptcy Procedure 2002 and 6004 (the "Bankruptcy Rules").

## II.    FACTUAL BACKGROUND

### A.  <u>Procedural History and Proposed Sale</u>

2.      On March 16, 2009, (i) the Debtor filed a voluntary petition for relief under Chapter 7 of Title 11 of the United States Code (the "Bankruptcy Code"); and (ii) James Lisowski was appointed as the initial Chapter 7 trustee of the Debtor's Estate.

3.      On or about January 14, 2013, the Trustee replaced Mr. Lisowski as the Chapter 7 Trustee of the Debtor's Estate and continues to serve in such capacity.

4.      Since being appointed, the Trustee has administered the Debtor's Estate for the benefit its creditors in accordance with its power and duties.  The Trustee is now in the process of winding down the administration of this case.  To that end, the Trustee is engaged in efforts to ensure that the maximum value of the Estate's remaining assets is realized, which efforts include pursuing the sale of any remaining assets.

5.      The Trustee has determined that there may exist property of the Debtor's Estate, consisting of known or unknown claims, property rights, or assets, which have not been previously sold, assigned, or transferred (collectively, the "Remnant Assets").  The Trustee has determined that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive on account of the Remnant Assets.

6.      The Trustee and Oak Point Partners have negotiated an agreement (the "Purchase Agreement") for the sale of the Remnant Assets to Oak Point.  A copy of the Purchase Agreement is attached to this Motion as **Exhibit "1."**

7.      The Purchase Agreement provides for an aggregate purchase price of $5,000.00 (the "Purchase Price") to be paid by Oak Point to the Trustee for the benefit of Debtor's Estate.

8.      In accordance with the Purchase Agreement, the Remnant Assets do not include (1) cash held by the Trustee for distribution to creditors and professionals; and (2) the Purchase Price for the Remnant Assets.

9.     The Trustee seeks approval of the Purchase Agreement and authorization to sell the Remnant Assets free and clear of all liens, claims, interests and encumbrances, pursuant to 11 U.S.C. §105, §363(b), (f) and (m).

10.    In the Trustee's business judgment, the Purchase Price represents a fair and reasonable sales price for the Remnant Assets, and represents the highest and best offer for the sale of the Remnant Assets.  Additionally, the benefit of receiving immediate payment for the Remnant Assets, which are largely unknown, outweighs the potential benefit of retaining the Remnant Assets.  Finally, the Trustee believes that the cost of pursuing the Remnant Assets will likely exceed the benefit that the Estate would possibly receive for the sale of the Remnant Assets.

**B.  Bidding Procedures**

11.    Contemporaneously herewith, the Trustee has filed the Notice of Motion of Chapter 7 Trustee for an Order Approving the Sale of Certain Assets of the Debtor's Estate Free and Clear of Liens, Claims, Interests, and Encumbrances Pursuant to 11 U.S.C. §§ 105 and 363 and Related Relief (the "Notice"), which establishes a deadline by which objections or responses to this Motion must be filed with the Court (the "Response Deadline").

12.    While the Trustee is prepared to consummate the sale of the Remnant Assets to Oak Point pursuant to the terms set forth herein and in the Purchase Agreement, in the event a party other than Oak Point (each, an "Interested Bidder") wishes to purchase the Remnant Assets, the Trustee requests that the Court approve the following overbid procedures (collectively, the "Bidding Procedures"):

a.     Each Interested Bidder who wants to participate in the overbid process must notify the Trustee of its intention to do so in accordance with the Notice on or before the Response Deadline;

b.     each initial overbid for the Remnant Assets must be at least $9,000.00;

c.     each Interested Bidder must submit a cashier's check to the Trustee in the amount of such Interested Bidder's initial overbid; and

3

d.    in the event a party other than Oak Point is deemed the winning bidder with respect to the Remnant Assets, such other party shall be required to purchase the Remnant Assets under the same terms and conditions as set forth in the Purchase Agreement.

13.    The Trustee believes that the private sale of the Remnant Assets in accordance with the terms of the Purchase Agreement, and as provided herein, serves the best interests of the Debtor's Estate and creditors, as the sale will allow the Trustee to realize additional funds for the benefit of the Estate.  Accordingly, the sale to Oak Point should be approved as requested.

## III.    MEMORANDUM OF LAW

### A. Trustee's Duty to Liquidate Assets

14.    Pursuant to 11 U.S.C. § 704(1), a trustee "shall collect and reduce to money the property of the estate for which such trustee serves. . ."  "In principle, a trustee should liquidate estate assets only if the estate will benefit from the liquidation.  In so doing, the trustee should select the method of liquidation that is most beneficial to the estate." Yadkin Valley Bank & Trust Co. v. Northwestern Bank (In re Hutchinson), 132 B.R. 827, 831 (Bankr. M.D.N.C. 1991).

15.    The Trustee requests approval to sell the Estate's entire interest in the Remnant Assets "as is" and without warranty, free and clear of liens, interests, encumbrances, and claims to Oak Point.

### B. Sale of Assets Pursuant to 11 U.S.C. § 363(b)

16.    Pursuant to 11 U.S.C. § 363(b)(1), "[t]he trustee, after notice and a hearing, may use, sell, or lease, other than in the ordinary course of business, property of the estate. . ."  The Bankruptcy Code permits the sale of estate property outside the ordinary course after notice and a hearing, provided the trustee can demonstrate a "business justification" for the sale. See In re 240 North Brand Partners, Ltd., 200 B.R. 653, 659 (9th Cir. BAP 1996); 11 U.S.C. §363(b)(1).  Moreover, Section 105(a) of the Bankruptcy Code provides that "[t]he court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]." 11 U.S.C. §105(a).

4

1      **Business Justification**

2          17.     To approve use, sale or lease of property outside the ordinary course of business,

3  the Court must find that such sale is supported by the sound business judgment of the debtor or

4  trustee, as the case may be.  *See* <u>In re Martin (Myers v. Martin)</u>, 91 F.3d 389, 395 (3d Cir. 1996);

5  <u>In re Abbotts Dairies of Pa. Inc.</u>, 788 F. 2d 143 (3d Cir. 1986 ) (requiring good faith purchasing);

6  <u>Stephens Indus., Inc. v. McClung</u>, 789 F.2d 386, 391 (6th Cir. 1986); <u>Comm. of Equity Sec.</u>

7  <u>Holders v. Lionel Corp.</u>, 722 F.2d 1063 (2d Cir. 1983); <u>In re Del. & Hudson Ry. Co.</u>, 124 B.R.

8  169, 176 (Bankr. D.Del. 1991) (holding that transactions should be approved under Section

9  363(b)(1) when: (a) they are supported by the sound business judgment of a debtor's management;

10  (b) interested parties are provided with adequate and reasonable notice; (c) the sale price is fair

11  and reasonable; and (d) the purchaser is acting in good faith); <u>In re Ionosphere Clubs, Inc.</u>, 100

12  B.R. 670, 675 (Bankr. S.D.N.Y. 1989); and <u>In re Phoenix Steel Corp.</u>, 82 B.R. 334, 335 (Bankr.

13  D.Del. 1987) (stating that the elements necessary for approval of a section 363 sale in a chapter 11

14  case are "that the proposed sale is fair and equitable, that there is a good business reason for

15  completing the sale and the transaction is in good faith.").

16          18.     A trustee's showing of sound business judgment, in turn, need not be unduly

17  exhaustive; instead the trustee is "simply required to justify the proposed disposition with sound

18  business reasons."  <u>In re Baldwin United Corp.</u>, 43 B.R. 888, 906 (Bankr. S.D. Ohio 1984).

19  Whether or not there are sufficient business reasons to justify a sale depends upon the facts and

20  circumstances of each case.  *See* <u>Lionel</u>, 722 F.2d at 1071. Bankruptcy courts are given substantial

21  discretion in deciding whether to authorize a sale of a debtor's assets outside of the ordinary

22  course of business.  *See* <u>In re Chateaugay Corp.</u>, 973 F.2d 141, 144 (2d Cir. 1992).

23          19.     The Trustee has determined that the sale of the Remnant Assets pursuant to the

24  Purchase Agreement represents a prudent and proper exercise of business judgment, and is in the

25  best interest of the Debtor's Estate and creditors.  The proposed sale of the Estate's interest in the

26  Remnant Assets will allow the speedy liquidation of Debtor's Estate at the maximum price, and

27  the Trustee believes the purchase price is reasonable and represents fair value.  If a sale is not

28                                          5

approved, the Trustee anticipates liquidation of the Debtor's Remnant Assets will result in substantially less net benefit to the Debtor's Estate, if any benefit at all.

**C. Sale of Assets Free and Clear of Liens and Encumbrances under 11 U.S.C. § 363(f)**

20.     Once the Court determines that a valid business justification exists for the sale, the Court must determine whether such a sale can be made free and clear of existing liens, security interests, encumbrances, and claims.  Section 363(f) of the Bankruptcy Code governs the sale of property of the estate free and clear of liens and provides, in pertinent part, the following:

> (f)  The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate only if –
>     (1)     Applicable non-bankruptcy law permits sale of such property free and clear of such interest;
>     (2)     Such entity consents;
>     (3)     Such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
>     (4)     Such interest is in bona fide dispute; or
>     (5)     Such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

21.     Section 363(f) is written in the disjunctive; thus, satisfaction of any one of the five conditions is sufficient to sell property free and clear of liens.  See e.g., Citicorp Homeowners Services, Inc. v. Elliot (In re Elliot), 94 B.R. 343, 345 (Bankr. E.D. Pa. 1988); Mutual Life Ins. Co. of New York v. Red Oak Farms, Inc. (In re Red Oak Farms, Inc.), 36 B.R. 856, 858 (Bankr. W.D. Mo. 1984).

22.     The Trustee is not aware of any liens encumbering the Remnant Assets, but to the extent that there are interests that may be asserted in the Remnant Assets, the Trustee believes that one or more of the aforementioned conditions have been satisfied.  Accordingly, the Trustee requests that the sale of the Remnant Assets be free and clear of any existing liens, security interests, encumbrances, and claims pursuant to Section 363(f) of the Bankruptcy Code.

**D. Court Should Find Offer is in Good Faith for Purposes of 11 U.S.C. § 363(m)**

23.     "[W]hen a bankruptcy court authorizes a sale of assets pursuant to Section

6

363(b)(1), it is required to make a finding with respect to the 'good faith' of the purchaser." In re Abbotts Diaries, Inc., 788 F.2d 143, 149-50 (3d Cir. 1986;  In re 240 North Brand Partners, Ltd., 200 B.R. 653, 659 (9th Cir. BAP 1996). "'Good faith' encompasses fair value, and further speaks to the integrity of the transaction. Typical 'bad faith' or misconduct would include collusion between the seller and buyer, or any attempt to take unfair advantage of other potential purchasers." In re 240 North Brand Partners, Ltd., 200 B.R. at 659 (quoting Wilde Horse Enters., Inc., 136 B.R. at 842); see also Ewell v. Diebert (In re Ewell), 958 F.2d 276, 280 (9th Cir. 1992); Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir. 1985) ("[t]ypically, lack of good faith is shown by fraud, collusion between the purchaser and other bidders or the trustee, or an attempt to take grossly unfair advantage of other bidders.").

24.    The purpose of such a finding is to facilitate the operation of 11 U.S.C. § 363(m), which provides a safe harbor for purchasers of a debtor's property when the purchase is made in "good faith."  Specifically, Section 363(m) provides:

> The reversal or modification on appeal of an authorization under subsection (b) or (c) of this Section of a sale or lease of property does not affect the validity of the sale or lease under such authorization to an entity that purchased or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were stayed pending appeal.

11 U.S.C. § 363(m); see Ewell v. Diebert (In re Ewell), 958 F.2d 276, 280 (9th Cir. 1992); Irvin v. Lincoln Heritage Life Ins. Co. (In re Irvin), 950 F.2d 1318, 1323 (7th Cir. 1991).  This provision serves the important purposes both of encouraging good faith transactions and of preserving the finality of the bankruptcy court's orders unless stayed pending appeal.  In re Abbotts Dairies, Inc., 788 F.2d at 147; Hoese Corp. v. Vetter, 724 F.2d 52, 55 (7th Cir. 1992).

25.    The Trustee is seeking to sell the Remnant Assets to Oak Point for $5,000.00 subject to the terms set forth herein.  The Trustee believes that the sale price and other terms for the sale represent the best terms available for the sale of the Remnant Assets.  Based upon information and belief, Oak Point is not an insider or affiliate of the Debtor.  Further, the Trustee

7

is presenting the proposed sale of the Remnant Assets to Oak Point with appropriate notice.

26.    Negotiations have been at all times conducted at arms' length and in good faith, and there are no side agreements, arrangements, or understandings between the Trustee and Oak Point or any other parties.  There is no consideration being paid for the Remnant Assets or in connection with the proposed sale other than as set forth in the Purchase Agreement.  As set forth herein, the terms of sale accomplish the appropriate objectives.

27.    If the Court approves the sale of the Estate's interest as requested herein, the Court should also invoke §363(m) to protect the good faith actions of the parties from further delay and prejudice in the event this Court's order is appealed without a stay.

E.  **Proposed Bidding Procedures are Appropriate**

28.    The Trustee's proposed Bidding Procedures are appropriate and should be approved by the Court.  Courts have routinely held that when the sale of assets in bankruptcy is done on a competitive bidding basis, as is proposed herein, it is appropriate to require parties submitting competing bids to submit bids that exceed the existing bid by a specified amount. *See, e.g.*, In re Financial News Network Inc., 931 F.2d 217 (2d Cir. 1991).  Oak Point has expended, and will continue to expend, considerable time, money, and energy pursuing the purchase of the Remnant Assets as proposed herein, and has engaged in good faith, arm's length negotiations with the Trustee.

F.  **Waiver of Stay of Order**

29.    Pursuant to Bankruptcy Rule 6004(h), an order authorizing the sale of property is stayed for fourteen (14) days after the entry of the order unless the Court orders otherwise. The Trustee requests that the Court order that such stay not apply with respect to the sale of the Remnant Assets.

### IV.    NOTICE

30.    Notice of this Motion has been given to the Debtor, the Office of the United States Trustee, Oak Point, and all parties requesting notice pursuant to Bankruptcy Rule 2002.  The Trustee submits, and requests that this Court determine, that such notice is proper and adequate;

1 | no further notice is required; and that other and further notice be waived.

2 | 31.    As set forth herein, the Trustee submits that the sale of the Remnant Assets is a

3 | prudent exercise of his business judgment under the circumstances, and is in the best interest of

4 | the Debtor's Estate and creditors.  The Trustee is not aware of any future assets or claims that

5 | may be liquidated, obtained or otherwise administered, and absent the sale to Oak Point, the

6 | Debtor's Estate would not realize any benefits on account of the Remnant Assets.  The Purchase

7 | Price for the sale is reasonable and has been negotiated at arm's length.

8 | Wherefore, the Trustee respectfully requests that entry of an order authorizing the sale of

9 | the Remnant Assets pursuant to the terms of the Purchase Agreement, waiving the 14-day stay

10 | under Bankruptcy Rule 6004(h), and granting such other and further relief as the Court deems just

11 | and proper.

12 | Dated: January 15, 2018.

SHELLEY D. KROHN
FEDERAL BANKRUPTCY TRUSTEE

9

**Exhibit 1 – Purchase Agreement**

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## ASSET PURCHASE AGREEMENT

**THIS ASSET PURCHASE AGREEMENT** (this "Agreement"), dated as of December __, 2017, is by and between **SHELLEY D. KROHN, not individually, but solely as chapter 7 trustee** ("Trustee" or "Seller") **of the PROGRESSIVE GAMING INTERNATIONAL CO.** ("Debtor") **BANKRUPTCY ESTATE** ("Estate") and **OAK POINT PARTNERS, INC.** ("Purchaser").

## WITNESSETH:

**WHEREAS**, on March 16, 2009, the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Nevada ("Court"), assigned Case No. 09-13640; and

**WHEREAS**, on or about March 16, 2009, James Lisowski was appointed as the initial chapter 7 trustee of the Debtor's Estate, and or about January 14, 2013, the Trustee replaced Mr. Lisowski as the chapter 7 trustee of the Debtor's Estate; and

**WHEREAS**, at the time of the execution of this Agreement and continuing into the future, there may be property of the Estate remaining, consisting of known or unknown assets or claims which have not been previously sold, assigned, or transferred (collectively, "Remnant Assets"); and

**WHEREAS**, Remnant Assets specifically **exclude**: (a) cash held at the time of this Agreement by the Debtor or Trustee in bank accounts earmarked for distribution to creditors and/or payment of professional fees; and (b) the Purchase Price (as hereinafter defined) to be delivered pursuant hereto; and

**WHEREAS**, subject to Court approval, Seller has the power and authority to sell and assign all right, title and interest in and to the Remnant Assets to Purchaser, including, but not limited to the proceeds thereof.

**NOW THEREFORE**, in consideration of the promises and mutual undertakings herein contained, Seller and Purchaser agree as follows:

1. <u>**Purchase Price.**</u> The Purchase Price shall be good funds in the amount of Five Thousand and No/100 Dollars ($5,000.00) payable within 3 business days of receipt by Purchaser of this executed Agreement and the entry of a non-appealable Order of the Court approving this Agreement.

2. <u>**Assignment of Remnant Assets.**</u> Seller hereby irrevocably and unconditionally sells, assigns, transfers and conveys to Purchaser all of the Seller's right, title and interest under, in and to the Remnant Assets, as well as any and all claims and rights related to the Remnant Assets, including, without limitation, all cash, securities, instruments and other property that may be paid or issued in conjunction with the Remnant Assets and all amounts, interest, and costs due under the Remnant Assets.

3. <u>**Authority to Sell.**</u> Subject to Court approval, the sale of the Remnant Assets by the Seller is made pursuant to the authority vested in the Seller.

4. <u>**Payments Received on Remnant Assets.**</u> Seller further agrees that any payments received by Seller on account of any Remnant Assets shall constitute property of the Purchaser to which the Purchaser has an absolute right, and that Seller will promptly deliver such payment to Purchaser at Purchaser's address set forth below. Seller agrees to use reasonable efforts to forward to Purchaser notices received with respect to any Remnant Assets.

1

5. **Seller's Representations and Warranties.** In consideration of Purchaser's agreements herein and to induce Purchaser to enter into this Agreement, Seller represents and warrants to Purchaser that Seller has full lawful right, title, power and authority to enter into this Agreement and to convey Seller's interest to Purchaser in the Remnant Assets as is set forth in this Agreement.

**EXCEPT AS SPECIFICALLY SET FORTH HEREIN, THE SELLER SELLS, ASSIGNS, AND TRANSFERS THE REMNANT ASSETS TO THE PURCHASER "AS IS, WHERE IS" WITHOUT ANY REPRESENTATIONS OR WARRANTIES WHATSOEVER, WHETHER EXPRESS, IMPLIED OR IMPOSED BY LAW.**

6. **Free and Clear Sale.** The sale of Remnant Assets shall be free and clear of any liens, claims, or encumbrances pursuant to 11 U.S.C. § 363(f).

7. **No Assumption of Liabilities.** The parties agree that Purchaser is acquiring only the Remnant Assets and that Purchaser is neither acquiring nor assuming any liabilities of the Seller under this Agreement, except as may otherwise expressly be provided herein.

8. **Documents of Assignment.** From time to time upon request from Purchaser, Seller shall execute and deliver to Purchaser such documents reasonably requested by Purchaser to evidence and effectuate the transfer contemplated by this Agreement in a form reasonably acceptable to the parties hereto. However, Purchaser shall reimburse Seller for its reasonable costs associated with such compliance.

9. **Limited Power of Attorney.** Solely with respect to the Remnant Assets, and to the extent permitted by law, Seller hereby irrevocably appoints Purchaser as its true and lawful attorney and authorizes Purchaser to act in Seller's stead, to demand, sue for, compromise and recover all such amounts as now are, or may hereafter become, due and payable for or on account of the Remnant Assets herein assigned. Seller grants unto Purchaser full authority to do all things necessary to enforce the Remnant Assets and its rights thereunder pursuant to this Agreement.

10. **Entire Agreement.** This Agreement embodies the entire agreement and understanding between Seller and the Purchaser and supersedes any and all prior agreements and understandings with respect to the subject matter hereof. This Agreement may not be amended or in any manner modified unless such amendment or modification is in writing and signed by both parties.

11. **Benefits and Binding Effect.** All provisions contained in this Agreement or any document referred to herein or relating hereto shall inure to the benefit of and shall be binding upon the respective successors and assigns of Seller and the Purchaser.

12. **Governing Law.** This Agreement shall be governed by and construed in accordance with the internal laws of the State of Nevada, without giving effect to choice of law principles of the State of Nevada.

13. **Counterparts.** This Agreement may be executed in one or more counterparts, each of which shall be deemed an original but all of which together will constitute one and the same instrument, and copies or facsimiles of execution signatures shall be equivalent to original signatures.

**[remainder intentionally left blank; signature page follows]**

2

**THIS AGREEMENT** has been duly executed as of the day and year first above written.

**OAK POINT PARTNERS, INC.**

By: _Eric A. Linn_

Name:  ERIC LINN

Its:  President

Address *(for regular mail and mail forwarding)*: PO Box 1033, Northbrook, IL 60065-1033
Address *(for overnight delivery)*: 5215 Old Orchard Road, Suite 965, Skokie, IL 60077
tel (847) 577-1269        fax (847) 655-2746


**PROGRESSIVE GAMING INTERNATIONAL
CO. BANKRUPTCY ESTATE**

By: _____

Name: SHELLEY D. KROHN

Its: Chapter 7 Trustee

Address: 510 South 8th Street, Las Vegas, NV 89101
tel (702) 421-2210

3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 2 – Proposed Order**

1

2

3

4

5

6

7

8
Shelley D. Krohn, Trustee
9
510 South 8th Street
Las Vegas, NV 89101
10
(702) 421-2210
(702) 366-1939 fax
11
shelley@trusteekrohn.com
Chapter 7 Bankruptcy Trustee
12

13
**UNITED STATES BANKRUPTCY COURT**

14
**DISTRICT OF NEVADA**

15
| In Re: | Chapter 7 |
| | Case No. 09-13640-MKN |

16

17
PROGRESSIVE GAMING
INTERNATIONAL CO.

**ORDER APPROVING THE SALE OF
CERTAIN ASSETS OF THE DEBTOR'S
ESTATE FREE AND CLEAR OF LIENS,
CLAIMS, INTERESTS, AND
ENCUMBRANCES PURSUANT TO 11
U.S.C. §§ 105 AND 363 AND RELATED
RELIEF**

18

19

20
Debtor(s).

21

22

23
Upon the Motion of SHELLEY D. KROHN, Chapter 7 trustee (the "Trustee") for the

24
estate (the "Estate") of the above captioned debtor (the "Debtor"), by its counsel, requesting the

25
entry of an order approving the sale of certain assets of the Debtor's Estate to Oak Point Partners,

26
Inc. ("Oak Point") free and clear of liens, claims, interests and encumbrances pursuant to sections

27
105 and 363 of Title 11 of the United States Code (the "Bankruptcy Code") and Federal Rule of

28

Bankruptcy Procedure 6004 (the "Bankruptcy Rules"), and related relief ("Motion")[1]; and the Court having jurisdiction to consider the Motion and requested relief in accordance with 28 U.S.C. §§ 157 and 1334; and consideration of the Motion and the requested relief being a core proceeding pursuant to 28 U.S.C. § 157(b); and due and proper notice of the Motion having been provided; and it appearing that no other notice need be provided, and that further notice has been waived; and the Court having read and considered the Motion; and any objections to the Motion having been resolved, withdrawn, or otherwise overruled by the Court; and the Court having determined that the Bidding Procedures are fair, reasonable and appropriate, reflect the Trustee's exercise of prudent business judgment consistent with its fiduciary duties, and are designed to maximize the value to be obtained by the Estate for the Remnant Assets; and the Court having determined that the legal and factual bases set forth in the Motion and at any hearing thereon establish just and sufficient cause for the relief granted herein; it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1.      The relief sought in the Motion is GRANTED.

2.      The Purchase Agreement and all of its terms and conditions are approved in their entirety.

3.      The Bidding Procedures are approved in their entirety.

4.      The Purchase Agreement and the Bidding Procedures are fair and reasonable.

5.      Pursuant to section 363(b) of the Bankruptcy Code, the Trustee is authorized to sell the Remnant Assets to Oak Point for the Purchase Price as provided in the Motion.

6.      Pursuant to section 363(f) of the Bankruptcy Code, the sale of the Remnant Assets to Oak Point ("Sale") shall be free and clear of any and all liens, claims, interests, and

---

1 Capitalized terms not defined herein shall have the meaning ascribed in the Motion.

encumbrances, with such liens, claims, interests, and encumbrances to attach to the proceeds of the Sale with the same force, effect, and priority as such liens, claims, interests and encumbrances have on the Estate's right to the Remnant Assets, as appropriate, subject to the rights and defenses of the Trustee and any party in interest with respect thereto.

7.     The Trustee and its professionals are authorized to take such actions as are necessary to effectuate the terms of the Purchase Agreement, together with all additional instruments and documents that may be reasonably necessary to implement the Sale and Purchase Agreement.

8.     Oak Point is granted the protections provided to a good faith purchaser under section 363(m) of the Bankruptcy Code.

9.     The transfer of the Remnant Assets to Oak Point pursuant to the Purchase Agreement constitutes a legal, valid, and effective transfer of the Remnant Assets, and such transfer shall vest Oak Point with all right, title, and interest in and to the Remnant Assets.

10.    The fourteen-day stay under Bankruptcy Rule 6004(h) is waived.

11.    This Court reserves jurisdiction over the provisions of this Order and to hear and determine all matters arising from the implementation of this Order.

Submitted by:

_____
SHELLEY D. KROHN,
FEDERAL BANKRUPTCY TRUSTEE

1

## **LR 9021 CERTIFICATION**

2    In accordance with LR 9021, counsel submitting this document certifies that the order accurately
reflects the court's ruling and that (check one):

3

4        ☐   The court waived the requirement of approval under LR 9021(b)(1).

5        ☐   No party appeared at the hearing or filed an objection to the motion.

6        ☐   I have delivered a copy of this proposed order to all counsel who appeared at the
hearing, and any unrepresented parties who appeared at the hearing, and each has

7        approved or disapproved the order, or failed to respond, as indicated above.

8        ☐   I certify that this is a case under Chapter 7 or 13, that I have served a copy of this order
with the motion pursuant to LR 9014(g), and that no party has objection to the form or

9        content of the order.

10

11

12                                        # # #

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28